UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABERTA INC., ET AL | CIVIL ACTION |
| VERSUS | NO:    05-3681 |
| CENTURION INDUSTRIES, ET AL | SECTION:  "L" (4) |

### ORDER

Before the Court is a **Motion for Leave of Court to File Cross-Claim (doc. # 27)** filed by a defendant, Centurion Industries, Inc., d/b/a TFC Canopy ("Centurion") seeking leave of the Court to amend its pleadings and file a cross claim against another defendant, Brenda J. Weger and John K. Weger, d/b/a B and D Erectors, Inc. ("B&D").

B&D filed an opposition motion. This motion was heard on the briefs on May 10, 2006.

### I.     Factual and Procedural Background

This case arises out of the collapse of a gas station canopy on July 6, 2004 owned by Aberta, Inc. ("Aberta"), and leased to Wagner World L.L.C., ("Wagner") (collectively "the plaintiffs"). According to the complaint, on April 5, 2003, Wagner entered into a contract with Centurion to repair existing damage to its canopy. Centurion hired B&D to assist in the repair. The plaintiffs allege that the repair of the canopy was not performed correctly because the structural main beams were too heavy for the design, the bolts used to attach the beams to the columns were not the proper size, and the design verification required by the contract was not

done properly. The plaintiffs further allege that Centurion and B&D were negligent in repairing the canopy.

Centurion then filed the subject motion seeking leave of Court to file a cross claim against B&D. Centurion's proposed cross claim alleges that it hired B&D to assist in the replacement of six main beams on a canopy. Centurion also alleges that any damages claimed by the plaintiffs result from B&D's improper and/or negligent installation of the canopy. Centurion further alleges that if B&D is found liable to the plaintiffs, then B&D is liable to Centurion because it failed to properly install the canopy.

B&D contends that Centurion's proposed claim is futile. Accordingly, B&D alleges that this Court should deny Centurion's motion.

**II.    Standard of Review**

Under Federal Rule 13, "[a] pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim." FED. R. CIV. P. 13(g). Rule 13 is "intended to promote the expeditious and economical adjudication of an entire subject matter arising from the same set of facts within a single action." *Donovan v. Robbins*, 588 F.Supp. 1268, 1273 (D.Ill.1984).

Here, Centurion seeks to amend its pleadings to state a cross-claim against B&D. Amendment of the pleadings is governed by Rule 15. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. PROC. 15(a). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). And, "this 'policy' is strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Ins. Co.*, 644 F.2d 439, 444 (5th Cir. 1981). Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. *Id.*

However, leave to amend is by no means automatic. *Addington v Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Here, B&D does not allege that the proposed amendment results from undue delay, bad faith, or dilatory motive on the part of Centurion. Instead, B&D contends that the proposed claim is futile.

In this Circuit, a Court considers an amendment futile only if "the amended [pleading] would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co. Ltd.*, 234 F.3d 863,873. This Court applies the same standard to determine futility as the Court "applies under Rule 12(b)(6)." *Id.* Thus, the Court determines "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf," the proposed cross-claim "states any valid claim for relief." *Id.*

**III.     Analysis**

Centurion's motion for leave provides no argument in support of its motion other than its contention that B&D is liable to if for the damages alleged by the plaintiffs.

B&D first contends that Centurion's proposed cross-claim seeks indemnification. B&D argues that the amendment is futile because Centurion has not produced an indemnification agreement between them, nor has it produced a contract. Therefore, B&D alleges that Centurion cannot state a claim against it. B&D also contends that under the pure comparative fault regime in Louisiana, it can only be held responsible to the plaintiffs for its own negligence.

In its reply motion Centurion claims that it is not seeking to state an indemnification claim or contribution claim against B&D, but rather it seeks to assert a breach of contract claim against B&D. While it concedes that no written contract exists, it contends that production of a written contract is not required citing Civil Code article 1846. It alleges that its proposed pleading meets the requirements of the 12(b)(6) standard and therefore cannot be considered futile.

In Louisiana, an obligor is held liable for defective performance under a contract. *See* LA. CIV. CODE art. 1994; *Pearce v. Power and Telephone of Kentucky, Inc*., 533 So.2d 46, 51 (La. App. 3 Cir. 1988) (holding party liable for breach of contract claim because of defective performance). Here, the cross-claim states that "Centurion/TFC hired B&D to assist by installing the products sold by Centurion/TFC." (Proposed Cross-Claim ¶5). It further states that "[a]ll alleged damages claimed by plaintiffs are due to B&D's improper and/or negligent installation of the canopy. If B&D improperly installed the canopy, then such installation caused the collapse or was a contributing cause." *Id.* at ¶ 6.

The Court notes that under Rule 8, Centurion must only recite a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As the

Supreme Court noted, [t]he liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

Here, the cross-claim states that Centurion hired B&D to perform a task and that B&D improperly or defectively rendered performance resulting in possible damages to Centurion. While B&D is still free to litigate the existence of the contract, proof of the contract is not required at the pleading stage. Further, B&D can litigate the amount, if any, of Centurion's recovery. The Court concludes that under the notice pleading requirements of Rule 8 Centurion has pleaded enough to state a claim for breach of contract. Therefore, the amendment is not futile.

Accordingly,

**IT IS ORDERED THAT** Centurion's **Motion for Leave of Court to File Cross-Claim (doc. # 27) is GRANTED.**

New Orleans, Louisiana, this 12th day of July 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**